UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

APONTE AMARELIS, NICOLE
COPPOLA, RUBY IGNACIO, CHESTER
LOFTIS, CINNAMON MCCLOUD,
JAMES TAYLOR, RHONDA WILSON,
SHANAE WILSON, AIMEE NEUMANN,
CATHERINE NEUMANN, LEISA
ALBRITTON, LESLIE ALBRITTON,
SUZY AZMIER, DAVID AZMIER,
BARBARA CRUZ-SOTO, NADINE
HARRIS, MABLE JONES, ILKA MARIN,
JASON MCCRARY, SHARY ORTIZ,
ROBERTA SERRANO, BENJAMIN
ZACHRY, SHELLEY ZACHRY and
KYLIE OSBORN,

        Plaintiffs,

v.                                          Case No:   6:13-cv-54-Orl-31KRS

NOTTER SCHOOL OF CULINARY
ARTS, LLC and BEVERLY L.
KARSHNER,

        Defendants.

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the Order to Show Cause, Doc. No. 45, and the response thereto, Doc. No. 46.

**I.    BACKGROUND.**

On January 9, 2013, ten named Plaintiffs filed a class action complaint on behalf of themselves and others similarly situated. Doc. No. 1. Defendants Notter School of Culinary Arts ("Notter School") and Beverley Karshner were served with the original class action complaint on

January 30, 2013.[1]  Doc. Nos. 15, 16.  Although Karshner purported to file an answer or response on behalf of herself and Notter School, Doc. No. 10, the Court ordered that the answer or response be stricken because Karshner, who is not a lawyer who is a member of the bar of this Court, could not represent Notter School and because it was unclear whether Karshner intended the document to be an answer or motion to dismiss, Doc. No. 11.  Neither Notter School nor Karshner thereafter appeared or responded to the complaint.  On April 2, 2013, at the request of Plaintiffs, the Clerk of Court entered defaults against Notter School and Karshner.  Doc. Nos. 17, 18.

After the Court denied Plaintiffs' motion for class certification, Plaintiffs requested and were granted leave to file an amended complaint that removed the class action allegations and added new parties as plaintiffs.  Doc. Nos. 35, 36.  The original ten named Plaintiffs and fourteen additional individuals[2] filed their First Amended Complaint on December 4, 2013.  Doc. No. 37.  In the First Amended Complaint, Plaintiffs allege three claims against only Notter School:  violation of Florida's Deceptive and Unfair Trade Practices Act; breach of the implied covenant of good faith and fair dealing[3]; and, breach of contract.  They allege two claims against only Karshner: breach of fiduciary duty and conversion.  They allege three claims against both Defendants:  unjust enrichment; fraud in the inducement; and, violation of the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO").  *Id.*

---

[1] Service of process was effected as to both of these Defendants by service on Karshner, because Karshner was the registered agent of Notter School.  Doc. No. 16.

[2] The newly named Plaintiffs are Leisa Albritton, Leslie Albritton, Suzy Azmier, David Azmier, Barbara Cruz-Soto, Nadine Harris, Mable Jones, Ilka Marin, Jason McCray, Shary Ortiz, Roberta Serrano, Benjamin Zachry, Shelley Zachry and Kylie Osborn.

[3] Under Florida law, breach of the implied covenant of good faith and fair dealing is not an independent cause of action.  *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151-52 (11th Cir. 2005).  This claim must be pursued as part of a breach of contract cause of action.  *Id.*

The certificate of service of the First Amended Complaint did not state that counsel for Plaintiffs served the pleading on either Defendant. No returns of service of the First Amended Complaint were filed. Accordingly, the Court ordered Plaintiffs to file proof of service. Doc. No. 43. Plaintiffs responded with a declaration stating that the First Amended Complaint was mailed to Karshner's last known address of record and that the mailing was not returned as undeliverable. Doc. No. 44-1.

On September 16, 2014, the Court issued an Order to Show Cause why this case should not be dismissed for failure to serve the First Amended Complaint in the manner required by Fed. R. Civ. P. 4. Doc. No. 45. Although Plaintiffs submitted a response to the Order to Show Cause, the response did not present any reasons why service of the First Amended Complaint by mail was appropriate. Doc. No. 46. Instead, Plaintiffs requested thirty additional days to properly effect service.

## II. APPLICABLE LAW.

Pursuant to Rule 4(m), plaintiffs have 120 days after a complaint is filed to effect service. The Rule 4(m) time limitation applies to service of an amended complaint that contains new claims, even when service of process of the original complaint has been properly effected on the defendant. *Padron Warehouse Corp. v. The Realty Assocs. Fund III, L.P.*, 377 F. Supp. 2d 1259, 1275 (S.D. Fla. 2005). When a plaintiff has not obtained service within 120 days of filing a complaint, the court can either dismiss the action without prejudice or extend the time for service.

The United States Court of Appeals for the Eleventh Circuit has applied a two-step analysis for determining whether an extension of time to obtain service should be granted or whether the action should be dismissed without prejudice. *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). First, a court must consider whether there is good cause for the

failure to obtain service within the 120-day time period.   If good cause is shown the Court must give the plaintiff a reasonable extension of time to effect service.   When no good cause is shown, a court must consider whether any other circumstances warrant a discretionary extension of time. *Id.* at 1282.

### III.   ALLEGATIONS OF THE FIRST AMENDED COMPLAINT.

Notter School was a for-profit culinary school located in Orlando, Florida, Doc. No. 37 ¶¶ 30, 36, which was accredited by the Accrediting Council for Continuing Education and Training ("ACCET"), *id.* ¶ 102.   Karshner was the manager and co-owner of Notter School.   *Id.* ¶ 31. Most of the plaintiffs named in the First Amended Complaint are former Notter School students. *Id.* ¶¶ 4-29.   The remaining plaintiffs are parents who signed loans on behalf of their children so that their children could attend Notter School.   *Id.*   ¶¶ 4, 14, 16.

Plaintiffs allege that Defendants made false and misleading representations regarding Notter School including: (1) that a student with a diploma from Notter School would earn an annual salary of at least $30,000.00 and up to $60,000.00; (2) that Notter School's job placement rate was anywhere from 80% to 98% and it would able to place students in their fields of study within six months; (3) that Notter School's faculty were qualified to teach their respective courses; and (4) that Notter School was a prestigious school that carefully selected its students for enrollment.   Doc. No. 37 ¶ 48.

Plaintiffs also allege that Defendants continued to represent that pastry chef Ewald Notter was teaching at Notter School well after Notter left in July 2012.   Doc. No. 37 ¶¶ 78, 183. Plaintiffs allege that a Notter School degree was effectively worthless, rendering students only able to obtain jobs that they could have obtained without a diploma from Notter School.   *Id.* ¶ 50.

Plaintiffs allege that they relied upon the purported misrepresentations in deciding to enroll and/or incur financial debt themselves or to assist students who enrolled, *id.* ¶¶ 116, 190. With respect to Plaintiffs' civil RICO claim, Plaintiffs allege that Defendants collectively formed an enterprise, *id.* ¶ 179, and that Defendants used the U.S. mail, email, online websites and telephones to orchestrate and execute the fraud, *id.* ¶¶ 180, 183, 185.

Plaintiffs allege that, on August 24, 2012, ACCET issued a directive for Notter School to demonstrate good cause why its accreditation should not be withdrawn for failure to submit financial statements. *Id.* ¶ 110. On November 4, 2012, Notter School closed its doors. *Id.* ¶ 111. Plaintiffs were not notified that Notter School would be closing, and Karshner did not issue refunds to the students who could not finish their culinary programs. *Id.* ¶¶ 112-13.

**IV.   ANALYSIS.**

   A.   *Whether Service of Process Was Properly Effected.*

Fed. R. Civ. P. 5(a)(2) governs the service of amended complaints on parties in default. Under this rule, a party is permitted to serve an amended complaint by mail, in accordance with Fed. R. Civ. P. 5(b), when the amended complaint does not assert new claims for relief. *Allegheny Cas. Co. v. United Constr. Co. of Cent. Fla.*, No. 6:12-cv-1383-Orl-36KRS, 2013 U.S. Dist. LEXIS 184601, at *9 (M.D. Fla. Dec. 20, 2013), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 13035 (M.D. Fla. Feb. 3, 2014). If, however, the amended complaint asserts new claims for relief it must be served in the same manner as required by Rule 4. *Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1364, 1367 (11th Cir. 1982).

Here, the First Amended Complaint asserts new claims for relief because it includes claims of new parties who were not named in the original complaint. *See, e.g., Charvac v. M&T Project Managers of N.Y., Inc.*, No. 12-cv-05637 (CBA)(RER), 2013 WL 6711485, at *3 (E.D.N.Y.

2013)(requiring filing and service of an amended complaint naming new plaintiffs before a default judgment could be entered against defendant in default).   Accordingly, Plaintiffs' delivery of the First Amended Complaint to Defendants by mail was insufficient service.   *See Lepone-Dempsey*, 476 F.3d at 1281 (when formal service of process is required, and a defendant fails to respond to service by mail, the Eleventh Circuit requires the plaintiff to effect personal service under Rule 4).

More than 120 days have passed since the filing of the First Amended Complaint, and, as of the writing of this Report and Recommendation, Plaintiffs have not properly effectuated service. Therefore, the case is due to be dismissed unless Plaintiffs have shown good cause for failure to properly effect service or other discretionary factors warrant giving them an enlargement of time to effect service.

   B.  *Whether Good Cause Exists to Extend the Time to Effect Service*.

"Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence prevented service."   *Lepone-Dempsey*, 476 F.3d at 1282.   If a plaintiff is unable to effect service within the required 120 day time period, the plaintiff bears the burden of identifying outside factors that support a finding of good cause.   *See Ross v. Wilkins*, No. 3:12-cv-267-J-99TJC-TEM, 2012 U.S. Dist. LEXIS 158389, at *7 (M.D. Fla. Nov. 5, 2012).

Here, Plaintiffs have not presented any evidence that circumstances beyond their control prevented them from properly effecting service of the First Amended Complaint.   Counsel for Plaintiffs' mistaken belief that delivery of the pleading by mail was sufficient for service also does not establish good cause.   *Cf. Durgin v. Mon*, 659 F. Supp. 2d 1240, 1259 (S.D. Fla. 2009)(no good cause based on the plaintiff's mistaken belief that filing of an amended complaint re-started the 120 day period for service of process).

In response to the Order to Show Cause, Plaintiffs indicate that Karshner planned to move to California, Doc. No. 46 at 3, but they did not provide any evidence that Defendants evaded service. Moreover, Plaintiffs' counsel indicates that he now has an address for Karshner in Orlando and that he has been in contact with Karshner by telephone. *Id*. Nevertheless, Plaintiffs have not shown that they requested that Karshner waive formal service of the First Amended Complaint or that they attempted to effect personal service on her at the new address in Orlando. *Id*. Therefore, Karshner changing her address does not establish good cause for failure to effect service.

Plaintiffs also argue that good cause exists to excuse proper service of the First Amended Complaint because Karshner is aware of the pleading because Plaintiff's counsel and the Court mailed it to her. *Id.* at 5. In *Schnabel v. Wells*, 922 F.2d 776, 728 (11th Cir. 1991), the Eleventh Circuit stated, "If a defendant receives mail service, but chooses not to respond, the plaintiff must effect personal service. The defendant's actual notice of the lawsuit does not eliminate this requirement." Accordingly, Karshner's alleged knowledge of the First Amended Complaint is not good cause to excuse Plaintiffs' failure to properly effect service of that pleading.

Accordingly, Plaintiffs have not met their burden of showing good cause to excuse their failure to properly effect service of the First Amended Complaint within the time required by Rule 4(m).

    C.    *Whether the Court Should Grant a Discretionary Extension of Time to Effect Service*.

        1.    <u>Advisory Committee Note Factors</u>.

Although Plaintiffs do not specifically request a discretionary extension of time, a court is obliged to consider whether additional factors warrant such a discretionary extension. The Eleventh Circuit has looked to the 1993 Advisory Committee Note to Rule 4(m) for guidance as to

what factors may justify a discretionary extension of time.  *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005).  Among other factors, a court may consider whether the statute of limitations would bar refiling of claims and whether unserved defendants have been evading service or concealing a defect in service.  *Id.*

Here, there is no evidence that the statute of limitations would bar refiling of any of Plaintiffs' claims.  All of the claims in the First Amended Complaint are subject to a four or five-year statute of limitations, and none of Plaintiffs' allegations predate August of 2011, when the first Plaintiff enrolled at Notter School.  *See* Doc. No. 37 ¶ 17.[4]

As discussed above, there is also no indication Defendants have evaded service or concealed a defect in service.  Further, as of the writing of this recommendation, more than 300 days have passed since Plaintiffs filed the First Amended Complaint yet Plaintiffs have not shown that they have properly effected service during this time.  Accordingly, this is certainly not a case in which Plaintiffs have missed the service deadline by merely a few days.  *Compare Prince Hotel v. Blake Marine Group*, 858 F. Supp. 2d 1287, 1293 (S.D. Al. 2012) (granting a discretionary extension because the plaintiff obtained service just three business days after the 120 day deadline had passed).

---

[4] Count One, violation of the Florida Deceptive and Unfair Trade Practices Act, is subject to a four-year statute of limitations.  *Marlborough Holdings Group, Ltd. v. Azimut-Benetti*, *SpA*, 505 F. App'x 899, 906 (11th Cir. 2013); Counts Two and Three, breach of implied covenant of good faith and fair dealing and breach of contract, are subject to a five-year statute of limitations. *McLean v. GMAC Mortg. Corp.*, No. 6-22795-CIV-O'Sullivan, 2008 U.S. Dist. LEXIS 36143, at *49 (S.D. Fla. May 2, 2008).  Counts Four and Five, unjust enrichment and breach of fiduciary duty, are subject to a four-year statute of limitations.  *Persuad v. Bank of Am., N.A.*, No. 14-21819-CIV-Altonaga/O'Sullivan, 2014 U.S. Dist. LEXIS 120307, at *29, 35 (S.D. Fla. Aug. 28, 2014).  Count Six, conversion, is subject to a four-year statute of limitations.  *Harbers v. Harbers*, No. 8:11-cv-2636-EAK-MAP, 2012 U.S. Dist. LEXIS 79479, at *3 (M.D. Fla. Jun. 7, 2012).  Count Seven, fraud in the inducement, is subject to a four-year statute of limitations. *Sherwin-Williams Co. v. Auto Body Tech, Inc.*, No. 12-23362-CIV-O'Sullivan, 2014 U.S. Dist. LEXIS 71514, at *9 (S.D. Fla. May 26, 2014).  Count Eight, RICO, is subject to a four-year statute of limitations.  *Coursen v. JP Morgan Chase & Co.*, No. 8:12-cv-690-T-26EAJ, 2013 U.S. Dist. LEXIS 144310, at *41 (M.D. Fla. Jun. 25, 2013).

Accordingly, none of the advisory committee note factors support a discretionary extension.

### 2. Other Discretionary Considerations.

Giving Plaintiffs an extension of time to properly serve Defendants with the First Amended Complaint would likely also be an exercise in futility because the First Amended Complaint does not allege sufficient facts to support a finding that Karshner or the Notter School would be liable for violation of the federal RICO statute. Because this claim is the only claim within this Court's original jurisdiction, I would recommend that the Court decline to exercise supplemental jurisdiction over the state-law causes of action if the motion for entry of a default judgment were denied as to the federal RICO claim. *Estate of Cosio v. Alvarez*, 181 F. App'x 894, 896 (11th Cir. 2006) (the district court may decline to exercise supplemental jurisdiction over related state law claims if the district court has determined that the complaint contains no viable federal claims); *Schneider v. KPMG, LLP*, No. 6:04-cv-55-Orl-31DAB, 2004 U.S. Dist. LEXIS 27317, *10 (M.D. Fla. Apr. 12, 2004).

In order to establish a claim for federal civil RICO, a plaintiff must show the following: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activities. *Jones v. Childers*, 18 F.3d 899, 910 (11th Cir. 1994). A plaintiff must also establish that he suffered injury to business or property and that the racketeering activity proximately caused the injury. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014). Plaintiffs' RICO claim lacks muster in many respects.

First, in order to satisfy the enterprise element, a defendant must be distinct from the enterprise. *United States v. Goldin Indus., Inc.*, 219 F.3d 1268, 1270 (11th Cir. 2000). A defendant can be part of an enterprise, but only when the individual parts of the enterprise are separate and distinct and are free to act independently to advance independent interests. *United*

*States v. Goldin Indus., Inc.*, 219 F.3d 1271, 1276-78 (11th Cir. 2000)("*Goldin II*"). Plaintiffs allege that Karshner and Notter School formed an enterprise. Doc. No. 37 ¶ 179. They also allege that, at all times relevant to their claim, Karshner and Notter School were so intertwined so as to render a distinction between them a sham. *Id.* ¶ 32. This allegation of fact, accepted as true for purposes of determining liability on consideration of a motion for a default judgment, prevents the Court from finding that the participants in the enterprise were distinct and free to act independently from each other. For this reason, Plaintiffs have not adequately alleged an enterprise which can serve as the basis for a RICO claim.

Second, in order to establish racketeering activity predicated on mail or wire fraud, a plaintiff must allege with particularity the following:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled [each] plaintiff, and (4) what the defendant obtained as a consequence of the fraud.

*Walgreen Co. v. Premier Prods. of Am., Inc.*, No. 8:11-cv-812-T-33MAP, 2012 WL 527169, at * 3 (M.D. Fla. Feb. 17, 2012)(quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1193, 1202 (11th Cir. 2001)). Plaintiffs allege a variety of misrepresentations, but they do not allege with specificity which specific misrepresentation(s) each Plaintiff received, or when each representation or omission was made or concealed, by whom, and in what fashion (*i.e.*, in person, by mail, via a website posting). Therefore, the RICO claim is also insufficient because it "lacks such essential details as the date or time of any telephone conversation related to the alleged scheme to defraud, or the identification of specific mailing used in the scheme to defraud." *Gore v. Eicholz,* No. CV 491-084, 1992 WL 96316, at * 3 (S.D. Ga. Apr. 24, 1992).

Additionally, to establish RICO injury, Plaintiffs must allege a concrete financial loss that was proximately caused by the racketeering activity. *Ingles v. Lake County*, *Fl.*, No. 5:04-cv-465-Oc-10-GRJ, 2005 U.S. Dist. LEXIS 36038, at *22 (M.D. Fla. Dec. 15, 2005). Plaintiffs allege that they were injured by receiving an education that did not meet their expectations and by experiencing lower than expected career prospects. Such expectancy interests, however, do not give rise to actionable RICO injury. *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998) (injury to mere expectancy interests or to an "intangible property interest" is not a sufficient basis for a civil RICO claim).

Plaintiffs also allege that they were injured by relying on Defendant's misrepresentations and omissions to "enroll and/or incur financial debt to assist students to enroll at Notter School." Doc. No. 37 ¶ 190. They also allege that "[s]ome students financed their tuition with federal and private loans that were co-signed by parents, which have left many families in financial crisis and impending credit issues." *Id.* at 2. While incurring debt may be a tangible RICO injury, Plaintiffs have not alleged that each of the Plaintiffs incurred a debt proximately caused by racketeering activity. Therefore, the well-pleaded facts in the First Amended Complaint do not sufficiently allege that each Plaintiff suffered a concrete financial loss proximately caused by the RICO violation.

Accordingly, the only claim within this Court's original jurisdiction does not allege well-pleaded facts sufficient to support a finding that Notter School or Karshner are liable for violation of RICO. Under these circumstances, even if additional time to perfect service were granted, it is unlikely that this Court would exercise supplemental jurisdiction over the state law causes of action.

In sum, for all of these reasons, I recommend that the Court find that no factors exist that warrant a discretionary extension of time to effect service of the First Amended Complaint.

## V.     RECOMMENDATION.

For these reasons, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** this case for failure to properly effect service of process within the time required by Rule 4(m), **DENY** all pending motions as moot, and **DIRECT** the Clerk of Court to close the file

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2014.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy